Darryl L. Exum, Esq. SBN152063
Exum Law Offices
4129 Main Street, Suite 200
Riverside, CA 92501
Tel: 951-682-2903
Fax: 951-684-6407
Email: exumlaw@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MITCHELL MAGEE, IKE ROBERTS<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)<br><br>Defendants. | CASE NO: 2:21-cv-03298-RGK-MAR<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>(1) RETURN OF PROPERTY (FED. R.CRIM. P. 41(g));<br><br>(2) UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF FOURTH AND FIFTH AMENDMENTS<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Mitchell Magee and Ike Roberts allege as follows:

1. Plaintiffs Mitchell Magee and Ike Roberts bring this action against the United States of America, Tracy L. Wilkison, and Kristi Koons Johnson, seeking to enjoin and redress the unlawful seizure, search, inspection, and retention of Plaintiff's property in violation of applicable law, and Plaintiff's Fourth and Fifth Amendment rights.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Article III of the United States Constitution because the United States is a Party to this action, and the action involves questions of federal statutory and Constitutional law.

3. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Federal Rules of Civil Procedure 57 and 65 authorize declaratory and injunctive relief in this matter.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1)(b)(3) because defendants include the United States and agencies of the United States, because on information and belief defendants sued in their official capacity reside in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiffs Michael Magee and Ike Roberts are, and at all relevant times were, individuals residing in Los Angeles County, California. Plaintiffs Michael Magee and Ike Roberts had non-contraband valuable property in safe deposit boxes at US Private Vaults, which were seized by the United States Attorney's Office for the Central District of California on or around March 22, 2021 and are still being held by Defendants.

6. Defendant Tracy L. Wilkison is, and at all relevant times was, the Acting United States Attorney for the Central District of California. The United States Attorney for the Central District of California has authority over all policies and practices of the United States Attorney's Office for the Central District of California, and all actions taken by Deputy United States

Attorneys for the Central District of California. Defendant Wilkison is sued in her official capacity only.

7. Defendant Kristi Koons Johnson is, and at all relevant times was, the Assistant Director in Charge of the Los Angeles Field Office of the Federal Bureau of Investigation. The Assistant Director in Charge of the Los Angeles Field Office of the Federal Bureau of Investigation has authority over the policies and procedures implemented by, and the actions of, FBI agents working on behalf of the Los Angeles Field Office. Defendant Koons Johnson is sued in her official capacity only.

8. Defendant United States of America is and was, and at all relevant times, the United States of America, its departments, agencies, and entities, including those responsible for the Fourth and Fifth Amendment violations and other violations of law alleged in this action.

## FACTUAL ALLEGATIONS

**A. Plaintiff Stored Property In Safe Deposit Boxes He Rented At US Private Vaults**

9. This action relates to the search and seizure of Plaintiff's property contained in safe deposit boxes maintained by US Private Vaults.

10. US Private Vaults ("USPV") is a company located at 9182 West Olympic Boulevard, Beverly Hills, CA 90212, that rents safe deposit boxes. USPV has between 600 and 1000 safe deposit boxes rented to hundreds of different customers.

11. USPV offers safe deposit boxes akin to those available at a bank, but with several key differences that provide its customers enhanced privacy and security.

(a) USPV identifies its customers by encrypted biometric information in the form of an
   iris scan and does not use other personal identifying information related to its customers.

USPV advertises this feature as an enhanced privacy and security measure that protects against the theft of personal identifying information.

(b) USPV does not maintain keys to its customers' safe deposit boxes. Customers maintain all keys to their boxes and access the vault containing their boxes through iris scan or biometric hand geometry scan, which reads the shape of a customer's hand (as opposed to finger or palm prints).

(c) USPV offers 24/7 monitoring by the ADT security company through use video at ADT's central station, as well as motion detectors, heat sensors, and other sophisticated security measures to detect the presence of intruders after regular business hours.

(d) USPV offers insurance for each safe deposit box up to $500,000 per box.

### B. The United States Attorney's Office For The Central District Of California And The Los Angeles Field Office Of The FBI Searched US Private Vaults And Seized All Safe Deposit Boxes And Their Contents

12. On or around March 22, 2021, federal law enforcement agents, including FBI agents from the Los Angeles Field Office, acting at the direction of the United States Attorney's Office for the Central District of California (the "USAO"), began conducting a search of USPV and seized every safe deposit box contained in the facility. Defendants' seizure of the USPV location and safe deposit boxes there and their contents, and the risk that they will continue to search of the contents of those safe deposit boxes, are ongoing as of the date of this filing.

13. On April 15, 2021, counsel for Plaintiffs requested a copy of the warrant authorizing the search and seizure of property at USPV and the return of Plaintiffs' property. As of the date of the filing of this Complaint, the Government has not provided Plaintiffs' counsel with a copy of the warrant or returned Plaintiffs' possessions.

14. On information and belief, based upon discussions with attorneys in Defendant Wilkison's office, the Government intends to refuse the return of property to any box holder who adheres to his or her constitutional rights and refuses to waive his or her Fifth Amendment rights. On information and belief, the Government intends to subject every box holder to criminal investigation by including at least the following steps:

(a) Each safe deposit box owner would be required to disclose their identity to the USAO, and agents for the Federal Bureau of Investigation acting at the direction of the USAO, to initiate a claim for the return of the contents of their safe deposit box.

(b) Once provided with the owner's identity, the USAO intends to open a criminal investigation into the owner based upon the USAO's belief that nobody would utilize the safe deposit boxes at USPV unless they were a "criminal."

(c) The Government intends to refuse to return the property in the safe deposit box to the owner unless the owner explains to the USAO how they obtained the property in their safe deposit box and convinces the USAO that it was not related to the commission of a "crime."

15. As of March 26, 2021, the USPV location is closed and a sign is affixed to the door directing safe deposit box owners to use the web link forms.fbi.gov/uspvclaims to "initiate a claim for your US Private Vaults box":

16. The form located at forms.fbi.gov/uspvclaims states: "To make a claim for property stored at U.S. Private Vaults in Beverly Hills, California, please provide the following information. An FBI agent will contact you for additional details." The form requires entry of first name, last name, and contact number for submission. The form also requires the person submitting the form to acknowledge that "it is a federal crime punishable by fine or

imprisonment, or both, to knowingly make any false statements concerning the facts on this form as applicable under the provisions of Title 18, United States Code, Section 1001, et seq."

### C. Plaintiff Is Suffering Ongoing Harm

17. The safe deposit boxes containing Plaintiffs' property remain in Defendants' possession, and the risk that Defendants will continue searching, inspecting, and cataloguing their contents is ongoing.

18. Plaintiffs continues to be deprived of any access to or use and enjoyment of his seized property. Plaintiffs has no possible method to recover the property seized by Defendants.

### FIRST CAUSE OF ACTION
### (Return of Property Pursuant to Fed. R. Crim. P. 41(g), Against United States of America)

19. Plaintiffs re-alleges and incorporates by reference the allegations in each of the preceding paragraphs.

20. On or around March 22, 2021, and continuing up until the time of this filing, in this District, Defendants seized the USPV safe deposit boxes containing Plaintiffs' property, without any knowledge of the safe deposit boxes' contents or the identities of the owners of those contents. Defendants seized the safety deposit boxes without a valid warrant and without probable cause to believe the contents or the owners of the safe deposit boxes' contents were connected to any crime. On information and belief, Defendants did not have a warrant to search the contents of any specific safe deposit boxes identified by number.

21. Defendants have begun to search and inventory, and there is a serious risk that they will continue to search and inventory, the contents of the seized safe deposit boxes, although Defendants lack probable cause to conduct such a search. To the contrary, Defendants have stated nothing more than their assumption that any person storing property in a USPV safe

deposit boxes must be a criminal as ostensible justification for the search and seizure. Plaintiffs did not consent to the search of their safe deposit boxes or their contents.

22. Defendants have not initiated criminal proceedings against Plaintiffs, in connection with the contents of the seized safe deposit boxes or otherwise. Nor do Defendants have probable cause to initiate such proceedings against persons storing non-contraband property in the seized safe deposit boxes or in connection with the safe deposit boxes' contents.

23. As a result of Defendants' unlawful search and seizure of the contents of the safe deposit boxes containing Plaintiffs' property, Plaintiffs has been unlawfully and unfairly deprived of his property.

24. Plaintiffs' therefore is entitled to an order directing Defendants to return his property.

## SECOND CAUSE OF ACTION
(Unreasonable Search and Seizure of Private Property in Violation of the Fourth and Fifth Amendments – Declaratory and Injunctive Relief against All Defendants)

25. Plaintiffs re-alleges and incorporates by reference the allegations in each of the preceding paragraphs.

26. Plaintiffs' property is protected from unreasonable searches and seizures by the Fourth Amendment. Confiscation, inspection, and cataloguing of the contents of safe deposit boxes leased to Plaintiffs and containing Plaintiffs' private property is a search and seizure for purposes of the Fourth Amendment.

27. Defendants seized and continue to maintain in their possession and control the safe deposit boxes owned by Plaintiffs, in which Plaintiffs stored his property, as set forth above. Defendants seized the safe deposit boxes without any probable cause to believe the contents of

the safe deposit boxes belonging to Plaintiffs were connected to any crime and, on information and belief, without a valid warrant authorizing Defendants to search Plaintiffs' boxes.

28. Defendants, without obtaining Plaintiffs' consent, searched and inventoried, the contents of the seized safe deposit boxes, and, as the boxes remain under their control, there is a significant risk that they will continue to search and inventory their contents.

29. Defendants have refused to return the contents of the safe deposit boxes to Plaintiffs unless and until Plaintiffs forfeits the confidentiality associated with his safe deposit boxes.

30. Defendants also have refused to provide Plaintiffs with a copy of the warrant purportedly authorizing their search and seizure of the safe deposit boxes containing Plaintiffs' property.

31. Defendants' search and seizure of safe deposit boxes containing Plaintiffs' property, under the conditions described above, was unreasonable. Defendants' refusal to provide Plaintiffs with the warrant that purportedly authorizes their ongoing seizure and search of Plaintiffs' property – unless Plaintiff subjects himself to criminal investigation – is further unreasonable.

32. Defendants effected a search and seizure of safe deposit boxes possessed by Plaintiffs containing Plaintiffs' personal property without probable cause, and provided that Plaintiffs could only seek to recover their property by subjecting themselves to a criminal investigation by Defendants.

33. Plaintiffs, through counsel, have attempted to exercise his Fourth Amendment rights by requesting that Defendants suspend their unreasonable search and inspection of Plaintiffs' property and return the contents of the safe deposit boxes seized from USPV to Plaintiffs.

34. By requiring that Plaintiffs identify and subject themselves to criminal investigation in order to recover the property that Defendants unlawfully seized, Defendants, by their own admission, have conditioned Plaintiffs' lawful exercise of their Fourth Amendment rights on Plaintiffs' forfeiture of their Fifth Amendment rights.

35. Plaintiffs' contend that Defendants' conduct has violated and continues to violate Plaintiffs' Fifth Amendment rights against self-incrimination, and that Plaintiffs are entitled to relief.

36. The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

37. Plaintiff contends that Defendants' conduct has violated and continues to violate Plaintiff's Fifth Amendment rights, and that Plaintiffs are entitled to relief.

38. Plaintiffs have suffered and continue to suffer irreparable injury as a result of Defendants' conduct in violation of the Fourth and Fifth Amendments.

That irreparable injury includes the continuing deprivation of Plaintiffs' possessory rights in their personal property, the continuing violation of their Fourth and Fifth Amendment rights resulting from the threat of Defendants' ongoing search, inventorying, and seizure of their property, and Defendants' insistence that Plaintiffs must waive their Fifth Amendment rights by foregoing the confidentiality associated with their safe deposit boxes and submitting to a criminal investigation in order to obtain their property.

39. On information and belief, Defendants contend that their seizure, search, and conditioned refusal to return Plaintiffs' property is reasonable and lawful and deny that Plaintiffs is entitled to any relief.

40. Plaintiffs therefore requires a judicial determination of the parties' respective rights and liabilities, and a declaration that Defendants' conduct constitutes an unreasonable search and seizure conducted in a manner that has violated, and continues to violate, Plaintiff's Fourth and Fifth Amendment rights.

41. A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiff may ascertain his rights to retrieve his personal property seized by Defendants, and the rights (or lack thereof) of Defendants to use any information obtained from the search and seizure of Plaintiff's property.

42. Defendants have stated their intent to continue searching, inspecting, and retaining the property they unreasonably and unlawfully seized from Plaintiffs. Therefore, Plaintiffs has suffered and will continue to suffer irreparable injury absent an injunction restraining Defendants from (1) continuing to search and inspect Plaintiffs' property, (2) conditioning the release of Plaintiffs' property on Plaintiffs' disclosure of his identity and consent to being subjected to a criminal investigation, and (3) continuing to hold Plaintiffs' property.

**PRAYER FOR RELIEF**

Plaintiffs prays for judgment against Defendants as follows:

A. For a declaration that Defendants' conduct, as described herein, has violated Plaintiffs' rights under the Fourth and Fifth Amendments to the United States Constitution as set forth above;

B. For a preliminary and permanent injunction ordering Defendants to immediately cease all seizures, searches, and inspection of Plaintiffs' property, and violations of Plaintiff's Fourth and Fifth Amendment rights as described herein;

C. For a preliminary and permanent injunction enjoining Defendants from accessing,

reviewing, using or retaining Plaintiffs' property and the immediate return of all property belonging to Plaintiffs seized by Defendants; and

    D. For such other and further relief as the Court deems just and proper.

Dated: May 18, 2021

_____
Darryl L. Exum
Attorney for Mitchell Magee and Ike Roberts

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Michael Magee respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 18, 2021

Darryl L. Exum
Attorney for Mitchell Magee and Ike Roberts