Darryl L. Exum, Esq. (SB# 152063)
Exum Law Offices
4129 Main Street. Suite 200
Riverside, CA 92501
Telephone:(951) 682-2903
Fax: 951-684-6407
Email: exumlaw@gmail.com
*Attorney for Mitchell Magee and Ike Roberts*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MITCHELL MAGEE AND IKE ROBERTS,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>TRACY WILKISON AND KRISTI KOONS<br>JOHNSON (OFFICIAL CAPACITY)<br><br>Defendants. | CASE NO. 2:21-CV-03298-RGK-MAR<br><br>**PLAINTIFFS' RESPONSE TO DEFENSE SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES AND OPPOSITION TO DEFENDANTS MOTION TO DISMISS COMPLAINT**<br><br>Date:  September 7, 2021<br>Time: 9:00 am<br>Courtroom:  850, Hon. R. Gary Klausner |

Plaintiffs Magee and Roberts, by and through counsel, submit this response to the defendants' supplemental memorandum of points and authorities where defense seek an order dismissing the complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and based on the sovereign immunity doctrine. Plaintiffs assert that the court does have subject matter jurisdiction and has stated a legitimate claim for relief and that defendants are not protected by sovereign immunity and the matter should not be dismissed.

Dated August 25, 2021                                Respectfully Submitted,

                                                                              /S/

                                                                        _____
                                                                        Darryl Exum,
                                                                        Attorney Mitchell Magee and Ike Roberts

# ARGUMENT

## A. PLAINTIFF'S ASSERT MULTIPLE VALID CLAIMS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Plaintiffs in this case assert legitimate claims for relief in the initial filing. The first claim is that the defendants unlawfully seized plaintiffs' personal property from safety deposit boxes without a valid warrant thereby unlawfully depriving the owners of their right to the property without due process of law. (US Cons. amend. XIV). The plaintiffs seek injunctive relief for the immediate release of seized property. The second claim is that the defendants violated the plaintiffs' constitutional protection against unreasonable search and seizure when agents confiscated and inspected the plaintiffs' property from a private, locked security box without consent or a valid warrant. The plaintiffs seek an injunction enjoining the defendants from accessing, using or retaining the unlawfully seized property. All the claims made by the plaintiffs are legally and factually supported by the initial pleadings.

To overcome a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." (Bell Atlantic Corp. v. Twombly, (2007) 550 U.S. 544, 570. "The plausibility standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial." (Twombly, (2007) 550 U.S. at 558-59). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." (Ashcroft v. Iqbal, (2009) 556 U.S. 662, 678). On a motion to dismiss pursuant to Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." (Doe v. U.S., (9th Cir. 2009) 419 F.3d 1058, 1062).

The plaintiffs in this case have met the burden based on the claims and remedies articulated in the initial complaint and the court should dismiss the defendants' motion to dismiss pursuant to Rule 12(b)(6).

## B.  THE DEFENDANTS ARE NOT IMMUNE IN THE UNDERLYING ACTION BASED ON THE YOUNT DOCTRINE AND SUBSEQUENT CASE LAW

In 1795 the Eleventh Amendment to the United States Constitution was ratified creating the doctrine of sovereign immunity. The amendment provides "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against on the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." (US Const. Amend XI).

The United States Supreme Court has consistently held that this amendment bars suit against a state and its associated agencies by that state's own citizens. (Edelman v. Jordan, (1974) 415 U.S. 651). The Supreme Court has especially extended Eleventh Amendment sovereign immunity to cases where plaintiffs seek monetary damages against a state or a state officer. (Ford Motor Co. v. Department of the Treasury, (1945) 323 U.S. 459, 464 ("when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants"). However, in Ex parte Young, the Supreme Court held that "a suit against individuals for the purpose of preventing them as officers of a State from enforcing an unconstitutional enactment to the injury of the rights of the plaintiff, is not a suit against the State within the meaning of [the Eleventh] Amendment." (Ex Parte Young, (1907) 209 U.S. 123). The Young court's holding established that the Eleventh Amendment does not bar suits against state officers to prevent violations against the laws or Constitution of the United States. (Young, 209 U.S. at 159-160). The Supreme Court has subsequently applied this principle in several cases allowing federal courts to give injunctive relief against state officers, even in instances when compliance with the injunction would require expenditure from a state treasury. (Edelman v. Jordan, (1974) 415 U.S. 651.  In Pennhurst State Sch. and Hosp. v. Halderman, the Supreme Court held that when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief. (Pennhurst (1984) 465 U.S. 89, 102-103).

Under the theory of Young, such a suit would not be one against the State since the federal-law allegation would strip the state officer of his official authority. (<u>Pennhurst State Sch. and Hosp. v. Halderman,</u> (1984) 465 U.S. 89, 102-103). Similarly, the defendants in this case are not the federal government but two named individuals whose conduct constituted violations of federal law that would exclude them from any claims of sovereign immunity.  The plaintiffs do not name the federal government as a defendant but name two individuals whose conduct violated federal constitutional law as alleged in the initial complaint.

While the Eleventh Amendment does bar claims for monetary relief from individual defendants in their official capacities the plaintiffs in this case are seeking injunctive relief, not monetary relief. The plaintiffs are simply seeking the return of their lawful property that was illegally searched and seized and as such the defendants are not protected by sovereign immunity.

## CONCLUSION

For the forgoing reasons, the plaintiffs respectfully request that the court deny the defendants' motion to dismiss the underlying complaint.

Date: August 25, 2021                                          Respectfully Submitted,


                                                                                /S/

                                                                   _____
                                                                   Darryl Exum,
                                                                   Attorney for Michael Magee

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2021 I electronically field the forgoing reply brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

TRACY WILKISON, Acting US Attorney
312 North Spring Street
Los Angeles, CA 90012

Kristi Koons Johnson,
312 North Spring Street
Los Angeles, CA 90012

/S/

_____

**Darryl Exum**