JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-03298-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Mitchell Magee v. United States of America, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P 12(b)(1) [DE 19]

## I. INTRODUCTION

On May 18, 2021, Plaintiffs Mitchell Magee and Ike Roberts ("Plaintiffs") filed a First Amended Complaint ("FAC") (ECF No. 14) against the United States of America, acting United States Attorney Tracy L. Wilkison, and assistant Director of the FBI Kristi Koons Johnson (collectively, "Defendants" or "the Government"). Plaintiffs allege claims for Return of Property pursuant to Federal Rule of Criminal Procedure Rule 41(g) and for violation of Plaintiffs' rights under the Fourth and Fifth Amendments. Plaintiffs' claims arise from the Government's seizure and search of Plaintiffs' personal property located in safe deposit boxes on the premises of non-party US Private Vaults.

Presently before the Court is the Government's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P 12(b)(1). ("Motion") (ECF No. 19). Plaintiffs failed to timely file an opposition to the Motion. For the reasons that follow, the Court **GRANTS** the Government's Motion.

## II. JUDICIAL STANDARD

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Kingman Reef Atoll Investments, L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03298-RGK-MAR | Date | September 15, 2021 |
|---|---|---|---|
| Title | *Mitchell Magee v. United States of America, et al* | | |

### III. DISCUSSION

The Government contends that the Court should dismiss Plaintiffs' claims for return of property and violation of the Fourth and Fifth Amendments because the Government has initiated forfeiture proceedings against the property that Plaintiffs assert is theirs, thereby depriving the Court of equitable jurisdiction over Plaintiffs' claims. (Motion at 5).

Based on a review of Plaintiffs' FAC, the Government's arguments, applicable law, and the fact that the Government has filed civil forfeiture proceedings against the property at issue in this case, (*see* Defendants' Notice of Filing of Civil Forfeiture Complaints, ECF No. 28),[1] it appears that the Government's jurisdictional argument is a successful challenge to Plaintiffs' claims. *See United States v. US. Currency $83,310.78,* 851 F.2d 1231, 1235 (9th Cir. 1988) (holding that "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation[,]" and "there is no need to fashion an equitable remedy to secure justice for the claimant."). The Court need not delve into the merits of this argument, however, as Plaintiffs failed to timely file an opposition to the Motion.[2] Local Rule 7-12 states that the failure to timely file any required paper may be deemed consent to the granting or denying of the motion. As such, the Court deems Plaintiffs' failure to timely file an opposition as consent to granting the Government's Motion.

### IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the Government's Motion.

**IT IS SO ORDERED.**

_____ : _____

---

[1] The Court takes judicial notice of the civil forfeiture complaints filed in case numbers 2:21-cv-06965 and 2:21-cv-06967.

[2] Plaintiffs filed an untimely opposition on August 25, 2021, eight days after their deadline to do so. (ECF No. 26). Even were the Court to consider this late-filed brief, Plaintiffs' opposition does not address the Government's jurisdictional argument.